THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE SIVELS, Defendant-Appellant.

(No. 57362;

First District (4th Division)—September 12, 1973.

Charles A. Bellows, of Chicago, (Ronald N. Heftman, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Mariann Twist, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The defendant was charged with the murder (Ill. Rev. Stat. 1969, ch. 38, par. 9—1(a)(1)) of his wife, Louella Sivels; with the attempted murder (Ill. Rev. Stat. 1969, ch. 38, par. 8—4) of Raymond Stewart; with aggravated battery (Ill. Rev. Stat. 1969, ch. 38, par. 12—4) against the person of Raymond Stewart, and with a battery (Ill. Rev. Stat. 1969, ch. 38, par. 12—3) against the person of Raymond Stewart. The trial court found the defendant guilty of the involuntary manslaughter of Louella Sivels and of aggravated battery against the person of Raymond Stewart. The defendant was sentenced to a term of from one and one-half to four and one-half years in the Illinois State Penitentiary.

The defendant appeals his conviction and presents the following issues for our review:

1. The defendant was improperly induced to waive his right to a trial by jury, by representations to him by the prosecution during the course of the trial that if he waived a jury trial he would not be found guilty of murder, and would probably receive a sentence of probation.

2. The trial court erred in refusing to consider the defendant's motion for probation, on the ground that the defendant had not entered a plea of guilty to the charges against him.

On May 28, 1971, the defendant came home from work around 8:00 P.M. after attending a party for a co-worker, where he had had several drinks. Shortly after his arrival, Raymond Stewart, who lived with the Sivels, went with Mrs. Sivels to a drug store and bought some vodka and wine. Mrs. Sivels also invited two men up to the apartment.

Mrs. Sivels and Stewart returned to the apartment, followed by the two men. They all began playing cards, except the defendant, who left and called his wife on the phone and told her to get rid of the two men. This she did and the defendant returned. An argument between defendant and his wife followed, and he again left. He returned, another argument arose, and in a brief struggle, defendant pinned his wife's arms to the floor.

The defendant stated that he was going to chase an intruder off the

porch. The Sivels family had been bothered by intruders prior to this incident, and earlier in the evening Sivels had loaded his shotgun, intending to take it with him if he was bothered by them again. The defendant went to the bedroom and returned with the shotgun. A struggle ensued between the defendant and Stewart, during which the shotgun discharged, fatally wounding Mrs. Sivels and hitting Stewart in the right elbow. Defendant had been drinking throughout the evening.

When the police arrived, Sivels told them that he did it and that he was sorry. They placed him under arrest.

The defendant requested a jury trial and after Stewart, the first witness, testified, an Assistant State's Attorney told the defendant, during a recess and out of the presence of defense counsel, that "The whole thing could have been over on a bench trial. The judge wouldn't find you guilty of murder. You probably would have gotten probation with work release." The defendant also testified that this was substantially the same information that his attorney had told him. After defense counsel's motion for mistrial was denied, he then moved to dismiss the jury. The prosecution did not object, the jury was dismissed, and the case continued as a bench trial.

At the end of the trial the court stated that if the defendant had pleaded guilty he probably would have given him probation and work release. After a hearing in aggravation and mitigation, in which it was brought out that Mrs. Sivels signed a complaint against the defendant in 1970 for hitting her over the head with a shotgun, the court denied a request for probation and sentenced the defendant to one and one-half to four and one-half years in the Illinois State Penitentiary.

It is the defendant's first contention that he was improperly induced to waive his right to a trial by jury by the aforementioned representations of the prosecution. The crux of this contention is that defendant's waiver was not an informed, free and voluntary act. The facts in the record do not warrant this conclusion. The defendant testified that the statement made by the Assistant State's Attorney was substanially the same statement made by defendant's counsel before trial. After the Assistant State's Attorney made these remarks to Sivels, the defendant told his counsel and then said that he still wanted a jury trial. He later stated that the matter was up to his attorney. Defense counsel moved to dismiss the jury, and after this was accomplished, the defendant executed a jury waiver.

■■ Whether a jury waiver has been voluntarily and knowingly made depends upon the facts and circumstances of each case. (*People v. Anderson* (1973), 10 Ill.App.3d 558, 563, 294 N.E.2d 763.) Here the facts and circumstances of the case show that the defendant knew what he was doing. He knew that if he waived the jury and was tried by the court,

he would not be found guilty of murder. If he proceeded with the jury, he risked a murder conviction. The jury waiver was the *quid pro quo* for an assurance of a not guilty on the murder count, a situation which does not result in error. It is settled law that when an accused is present in court and represented by competent counsel, he is bound by the actions and concessions of counsel, and that even constitutional rights may be waived in the course of a trial. *People v. Novotny* (1968), 41 Ill.2d 401, 244 N.E.2d 182.

■■ Concerning the remarks made by the Assistant State's Attorney, the record shows that they were not made with the intention of causing the defendant to waive the jury. Although these remarks were intemperate and ill-advised, we do not believe that they were of such a nature as to establish reversible error. *People v. Burts* (1958), 13 Ill.2d 36, 147 N.E.2d 281.

■■■ The defendant's second contention is that the trial court erred in refusing to consider his motion for probation on the ground that he had not entered a plea of guilty to the charges against him. The granting of probation and the revocation thereof are never matters of clear legal right. One convicted of a probationable crime has no inherent, constitutional or statutory right to probation. The grant or refusal of probation rests within the discretion of the trial court. Probation may be described only as a privilege and not as a right. It follows necessarily that this court may not compel a wise exercise of discretion by the trial judge. Our role is limited to correction of a clear abuse of discretion. (*People v. Henderson* (1971), 2 Ill.App.3d 401, 405 276 N.E.2d 372.) Here the trial judge stated that he probably would have given probation if the defendant pleaded guilty. After the hearing in aggravation and mitigation, where it was brought out that the deceased had filed a complaint against the defendant for hitting her over the head with a shotgun, the trial judge pronounced sentence and denied probation. While some of the statements by the trial judge were inappropriate, the penalty was justified as being well within the statutory limit (*People v. Capon* (1961), 23 Ill.2d 254, 257, 178 N.E.2d 296), and was not, by any means, an excessive sentence so as to constitute a punishment for exercising his constitutional right to be tried before an impartial judge or jury. *People v. Moriarty* (1962), 25 Ill.2d 565, 185 N.E.2d 688.

■■ Our power to reduce and modify sentences should be exercised with caution. Considering all of the elements of this case and the matters brought to the attention of the trial court, we do not find that the imposition of the penalty imposed by the court constituted a great departure from the fundamental law and its spirit and purpose. The granting of

probation was within the discretion of the trial court. Its determination is subject to review to the extent of ascertaining whether the trial court did, in fact, exercise discretion or whether it acted in an arbitrary manner. (*People v. Saiken* (1971), 49 Ill.2d 504, 514, 275 N.E.2d 381.) We hold that the action of the trial court was within its discretion and not arbitrary.

■■ Mr. Justice Kluczynski said in *People ex rel. Ward v. Moran,* Supreme Court, No. 45197, filed June 4, 1973:

"This court has consistently held that probation has been a purely discretionary matter vested in the trial court, and the scope of review from a denial of an application for probation has been traditionally limited.

\* \* \*

"After review of this court's decisions and consideration of the statutory authority entrusted to the trial court, we hold that our Supreme Court Rule 615 was not intended to grant a court of review the authority to reduce a penitentiary sentence to probation."

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and ADESKO, J., concur.