(No. 46405.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. LAWRENCE SIVELS, Appellant.

*Opinion filed Jan. 21, 1975.—Rehearing denied March 24, 1975.*

Charles A. Bellows, of Chicago (Jason E. Bellows and
Ronald N. Heftman, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and
Bernard Carey, State's Attorney, of Chicago (James B.

Zagel, Assistant Attorney General, of Chicago, and Patrick T. Driscoll, Jr., and Edward J. Ozog, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, Lawrence Sivels was convicted of voluntary manslaughter and aggravated battery (Ill. Rev. Stat. 1971, ch. 38, pars. 8—4, 12—4) and was sentenced on each count to concurrent sentences of 1½ to 4½ years. The appellate court affirmed (14 Ill. App. 3d 453), and we granted leave to appeal.

The testimony at trial showed that on May 29, 1971, after an evening of quarreling and drinking, the defendant shot and killed his wife and wounded a friend who lived with them. During trial the defendant moved for a mistrial and, in support of the motion, testified that the prosecutor had said to him during a recess, when his attorney was not present, that the "whole thing could have been over" if the defendant had taken a bench trial, and that the judge probably would have sentenced him to a term of probation with a work-release provision. The assistant State's Attorney acknowledged that he had made the statements to the defendant, and he said that he had made the same statements to the defendant's attorney prior to trial. The motion was denied, and after the prosecution had completed its case, upon the defendant's motion, the case proceeded as a bench trial.

After the presentation of evidence had been completed, the trial judge remarked that while he was unacquainted with the defendant's background, if he had pleaded guilty, he probably would have given the defendant probation with work release. This was because the judge regarded a plea of guilty as a sign of repentance and the first step toward rehabilitation. After a presentence investigation and a hearing on aggravation and mitigation, the

judge said that while he was not punishing the defendant for not pleading guilty in sentencing him to the penitentiary, he probably would have granted probation and work release if defendant had done so.

The defendant's contentions here are that he was denied probation because he had not pleaded guilty and also that he was punished for exercising his constitutional right to trial by jury.

An accused may not be punished for exercising his right of trial, either his right to a bench trial or to trial by jury. This court in *People v. Moriarity,* 25 Ill.2d 565, 567, in reversing a conviction, observed:

> "We have always been and are extremely reluctant to interfere with the discretion vested in the trial judge where the sentence is within the statutory range. (*People v. Calhoun,* 22 Ill.2d 31, 36.) Furthermore, we have recently refused to disturb a sentence despite inappropriate remarks by a trial court at the time of imposing punishment. *People v. Capon,* 23 Ill.2d 254, 257.

> However we believe that the court's remarks here make it evident that the punishment imposed by the trial judge was in part for the reason that the defendant had availed himself of his right to a jury trial, and only in part for the crime for which he was indicted."

It must be clear, however, that the sentence complained of was improperly imposed. We said in *People v. Perry,* 47 Ill.2d 402, 408: "Moreover, this court will not disturb a sentence within the statutory range on the mere allegation that it was imposed because defendant demanded a trial. That fact must be clearly established by the evidence (*People v. Moriarity,* 25 Ill.2d 565, 567) ***."

The A.B.A. Project on Minimum Standards for Criminal Justice (Standards Relating to Pleas of Guilty, sec. 1.8) states that while dispositional concessions may be made by a court to a defendant who pleads guilty (sec.

1.8(a)), he cannot be penalized for having chosen to go to trial. (Sec. 1.8(b).) Section 1.8 declares:

"1.8 Consideration of plea in final disposition.

(a) It is proper for the court to grant charge and sentence concessions to defendants who enter a plea of guilty or nolo contendere when the interest of the public in the effective administration of criminal justice would thereby be served. Among the considerations which are appropriate in determining this question are:

(i) that the defendant by his plea has aided in ensuring the prompt and certain application of correctional measures to him;

(ii) that the defendant has acknowledged his guilt and shown a willingness of [*sic*] assume responsibility for his conduct;

(iii) that the concessions will make possible alternative correctional measures which are better adapted to achieving rehabilitative, protective, deterrent or other purposes of correctional treatment, or will prevent undue harm to the defendant from the form of conviction;

(iv) that the defendant has made public trial unnecessary when there are good reasons for not having the case dealt with in a public trial;

(v) that the defendant has given or offered cooperation when such cooperation has resulted or may result in the successful prosecution of other offenders engaged in equally serious or more serious criminal conduct;

(vi) that the defendant by his plea has aided in avoiding delay (including delay due to crowded dockets) in the disposition of other cases and thereby has increased the probability of prompt and certain application of correctional measures to other offenders.

(b) The court should not impose upon a defendant any sentence in excess of that which would be justified by any of the rehabilitative, protective, deterrent or other purposes of the criminal law because the defendant has chosen to require the prosecution to prove his guilt at trial rather than to enter a plea of guilty or nolo contendere."

Considering the whole record it cannot be said that the sentences of 1½ to 4½ years for manslaughter and aggravated battery were imposed as a punishment for the defendant's having asked for trial by jury or having chosen not to plead guilty. The trial court said, unlike the court's remarks in *Moriarity,* that it would be "terrible" to penalize a defendant for taking a jury trial and that "this man is not being punished because he took a jury trial." The trial court found the defendant guilty of voluntary manslaughter and aggravated battery, crimes of violence. The hardly severe concurrent sentences (1½ to 4½ years) were within the allowable statutory range. At the hearing on aggravation and mitigation it was brought out that the defendant's deceased wife, the victim, had previously filed a complaint against the defendant charging a battery with a shotgun. It cannot be said that the sentences here were imposed because the defendant asked for trial and specifically for trial by jury.

We do not consider that the sentences here were, to use the language of section 1.8(b), "in excess of that which would be justified by any of the rehabilitative, protective,

deterrent or other purposes of the criminal law."

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*