**STATE of Minnesota, Respondent,**

v.

**Solomon Melvin BLACKBULL, Jr., Appellant.**

**No. C6–85–703.**

Court of Appeals of Minnesota.

Oct. 22, 1985.

Review Denied Dec. 19, 1985.

**72**

Hubert H. Humphrey, III, Atty. Gen., Winston Ehlmann, Asst. Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., Thom-
as G. McCarthy, Sibley Co. Atty., Gaylord, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Solomon Blackbull, Jr. was convicted of criminal sexual conduct in the first and second degrees, Minn.Stat. §§ 609.342(a) and 609.343(a) (1984). On appeal, he claims the trial court erred in excluding relevant evidence and instructing the jury that counsel's duty is to present evidence on behalf of his client, and that the jury is to determine the question of guilt or innocence of the defendant. We affirm.

## FACTS

Blackbull's conviction arose out of report of sexual abuse involving him and two young girls, ages 8 and 6, in a trailer home on a farm site in Sibley County. Blackbull testified and denied committing the offenses.

In a pretrial conference, defense counsel discussed with the trial judge the possibility of introducing evidence that the girls' father had recently pleaded guilty to criminal sexual conduct in the fourth degree. This conduct involved incidents with the girls' 12-year old sister; apparently the 8-year old was present during some of the conduct. Defense counsel indicated that he believed the evidence was relevant to show the 8-year old's source of knowledge of sexual acts. The trial court ended the discussion saying "We're going to have to hear what the kids are going to say and you are going to have to say what your position is, you continue both ways."

In its jury instructions, the trial court stated "An attorney is what we call an officer of the court. This simply means it's

his duty to present evidence on behalf of his client, to make objections as he deems proper, and to argue fully and fairly his client's cause." Trial court also stated at one point, "It is the duty of each of you after consideration of all the evidence, to determine, if possible, the question of guilt or innocence of the defendant."

either guilty or innocent. *State v. Brouillette*, 286 N.W.2d 702, 708 (Minn.1979). However, as in *Brouillette*, no objection was made; and, when read in their entirety, the instructions did not mislead or confuse the jury as to the proper presumption of innocence and the burden of proof beyond a reasonable doubt.

## ISSUES

1. Did the trial court erroneously exclude evidence of prior sexual abuse of the victims' 12–year old sister?

2. Were the court's instructions prejudicial error?

## DECISION

The trial court did not exclude evidence concerning the victims' sister's prior sexual abuse, and the trial court's instructions were not prejudicial error.

Affirmed.

## ANALYSIS

### I.

■ Defense counsel never offered evidence that the victims' 12-year old sister was sexually abused. In pretrial discussions, defense counsel stated his intentions of doing so but he was clearly probing the trial court's probable reaction to introduction of such evidence. When defense counsel called the girls' mother as a witness, no inquiry as to the father's conviction or the facts surrounding the conviction was made. Under Minn.R.Evid. 103, error cannot be predicated on a ruling which excludes evidence when no offer of proof was made to the trial court.

### II.

■ 1. The trial court should not have stated that an attorney has a duty to present evidence on behalf of his client because it implies that a defendant in a criminal case has an obligation to present evidence. *State v. Haase*, 341 N.W.2d 879, 881 (Minn.1984); *State v. Rose*, 353 N.W.2d 565, 573 (Minn.Ct.App.1984). However, no objection was made here, Blackbull testified in his behalf, and the instructions as a whole were unlikely to give the jury the impression that he had any duty to present evidence.

■ 2. The trial court also erred in implying that the jury had to find Blackbull