**STATE of Minnesota, Respondent,**

v.

**Thomas Jon KNAAK, Appellant.**

**No. C2-86-787.**

Court of Appeals of Minnesota.

Nov. 25, 1986.

685

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Richard D. Berens, Johnson, Berens & Wilson, Fairmont, for respondent.

Stephen D. Gabrielson, Dougherty & Scott, Fairmont, for appellant.

Heard, considered and decided by RANDALL, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

RANDALL, Judge.

Appellant, Thomas Knaak, was found guilty by a jury of Driving After Suspension. He was sentenced to fifteen days to be stayed for six months upon the condition that he pay a $166 fine and have no further violations of the law. On appeal, appellant argues that the trial court's additional jury instructions precluded the jury from exercising leniency; in effect directed a verdict of guilty against him; and that the trial court imposed a harsh sentence as a penalty for appellant exercising his right to a jury trial.[1] We affirm in part but remand for resentencing.

## FACTS

On March 6, 1986, appellant, Thomas Knaak, and his friend Kent Williamson drove to Fairmont, Minnesota. Williamson had to attend a court appearance at the Fairmont Courthouse and appellant had to pay a traffic ticket at the courthouse. At the time, appellant's driver's license was suspended so Williamson drove appellant's car. Appellant knew his driver's license was suspended at the time, and that led to his decision that Williamson would drive the two of them to the courthouse.

Appellant and Williamson arrived at the courthouse close to 9:00 a.m. Williamson was concerned about being late for his court appearance. When he could not find a parking space in the courthouse parking lot, he drove across the street and parked in the only available space, which was designated as a handicap parking space. Williamson then went on to his court appearance and appellant stayed with the car.

Appellant waited for some time, but Williamson did not return. Appellant then walked into the courthouse to pay his traffic ticket. He looked around for Williamson and was told that traffic court had adjourned some time ago. Not knowing what had happened to Williamson (Williamson had been sent down to jail and had not gotten word of this to appellant), appellant returned to his car to wait for Williamson. At approximately 12:30 p.m. a car with a handicap parking permit approached the space where appellant's car was parked. Appellant did not want to occupy a handicap parking space when someone needed it, so he started the car, drove it across the street to the courthouse parking lot, and parked the car in the first available space.

Just as appellant was pulling into the parking space, Sergeant Ken Schwieger of the Martin County Sheriff's Department was walking towards his car in the same parking lot. Schwieger testified that he did not see appellant's car come from the parking lot across the street but only saw the car enter the courthouse parking lot. He stated that he recognized appellant's car because it was a distinctive looking red and white Ford Bronco, and he had just received a report on appellant, including a description of his car, two days before this incident.

Schwieger approached appellant's car and verified that appellant was the driver and that he did not have a valid driver's license. Schwieger then charged appellant with driving after suspension. At trial appellant stipulated to the fact that his license was suspended and that he knew his

---

1. Although neither party raised the issue, we note that appellant is appealing a sentence on a misdemeanor conviction which is not appealable as a matter of right. However, in the interests of justice, we grant discretionary review. *See* Minn.R.Crim.P. 28.02, subd. 2(3) and subd. 3.

license was suspended at the time he moved the car across the street from the handicap parking space to another open parking space.

At the conclusion of the trial, the trial court gave the standard jury instructions for the offense of driving while suspended. After deliberating for a while the jury came back to the trial court with two questions. The first question was: "Attorney Gabrielson [defense counsel] said that there is leniency that may be exercised by a jury. May we have an interpretation as to what rights this jury has in giving leniency to the defendant?" This question was precipitated by defense counsel's statement in his closing argument that: "One thing that the Court will not instruct you today but which is a matter of law in Minnesota is that a jury has power of leniency."

In response to their question the trial court instructed the jury:

> In regard to that particular question I would advise you that it is your duty to decide the questions of fact in this case. That is, you decide whether the defendant is guilty or not guilty. It is the responsibility of the Court once you make that decision to impose sentence and the Court may or may not—I guess at that point in time it's up to the Court to decide what the sentence may be, whether the sentence should be lenient or not and that's something the Court takes into consideration in imposing sentence but it's your duty to decide guilt or innocence.

The second question was: "May we have the five points that must be decided that were read by the judge?" In response to this question the trial court repeated the five elements of the offense. *Within four minutes* of receiving these instructions, the jury returned with a verdict of guilty.

The sentencing hearing was held that same day. The trial court imposed a sentence of fifteen days stayed for six months and a $166 fine and then stated:

> That sentence is in accordance with the first time penalty for driving after revo-

cation. Looking at your driving record the penalty could be considerably more severe in that your driving record is not very good so it is lenient to some extent. *It may be a little bit more harsh than if you had entered a plea of guilty to start with* but I don't know as that's true in as much as I am sentencing in accordance with the standard first-time penalty.

(Emphasis added). Appellant's motion for a new trial was denied and this appeal followed.

## ISSUES

1. Did the trial court's additional instructions to the jury constitute reversible error?

2. Did the sentence imposed by the trial court improperly penalize appellant for exercising his right to a jury trial?

## ANALYSIS

### I.

*Jury Instructions*

Appellant challenges certain comments and instructions that the trial court made in response to the jury's questions. Specifically he claims the instructions improperly told the jury they had no power of leniency and must find appellant guilty; that the trial court erroneously instructed the jury that they had to reach a verdict and that the trial court led the jury to believe it would exercise leniency in sentencing.

In a criminal case, a jury does have the power to return a verdict of not guilty despite the law and the facts. *State v. Perkins*, 353 N.W.2d 557, 561 (Minn. 1984). The trial court, however, is not required to specifically instruct the jury that it has this power. *Id.* at 562. The trial court in the present case was correct in not specifically instructing the jury on its inherent power of leniency. *Id.*

The trial court properly instructed the jury: "It is your duty to decide the questions of fact in this case." But the trial court went on and stated:

That is, you decide whether the defendant is guilty or not guilty. It is the responsibility of the Court once you make that decision to impose sentence * * * its your duty to decide guilt or innocence.

This statement went beyond what was needed to answer the jury's question, was an improper statement of law, and arguably, as appellant points out, may have left the jury with the impression that the trial court expected them to return a guilty verdict but would temper the guilty verdict with a consideration of leniency in sentencing appellant. Appellant argues that this impression was further aggravated when the trial court restated the elements constituting the crime of driving after suspension.

■ On review of claims of error in jury instructions, the instructions must be considered as a whole. *State v. Larson,* 281 N.W.2d 481, 485 (Minn.1979), *cert. denied,* 444 U.S. 973, 100 S.Ct. 467, 62 L.Ed.2d 388 (1979). In this case, the trial court properly instructed the jury at two points in its original instructions that the State must prove all the elements of the offense beyond a reasonable doubt. The trial court properly repeated this burden after restating the elements of the offense in the challenged additional instructions. Also the jury specifically requested that the trial court restate the elements of driving after suspension so the restatement of these elements was in response to a specific request and not to gratuitously highlight a point. Although the additional instructions should have been worded more clearly, we do not find that the trial court's charge as a whole was substantially incorrect.

■ At trial, defense counsel did not propose specific jury instructions nor did counsel object at the time the trial court gave the challenged instructions. He now argues they were erroneous and prejudicial. These objections were not raised until Knaak's motion for a new trial. In *State v. Billington,* 241 Minn. 418, 63 N.W.2d 387 (1954) the supreme court stated:

The rule is well settled that when a charge as a whole is substantially correct but in some particulars is verbally inaccurate or contains obviously unintentional misstatements, which it is fair to assume the court would have corrected had the matter been called to its attention, it is the duty of counsel to bring the matter to the attention of the court in a timely and proper manner, and if he fails to do so he waives the right to later on object either on a motion for a new trial or on appeal.

*Id.* at 427, 63 N.W.2d at 392. In the present case, the trial court reviewed the proposed instructions with both counsel in chambers before instructing the jury, and defense counsel did not avail himself of the opportunity to correct the trial court's misstatements at the time they occurred. Therefore he has waived the right to have them corrected on appeal. *Id.*

■ The trial court did err in its additional instructions by implying to the jury that they had to find appellant either guilty or innocent. A jury does not have to find that a defendant is "innocent" before returning a verdict of not guilty. All a jury has to find in order to acquit is that the State has not proved all the essential elements of the crime charged by proof beyond a reasonable doubt. Also, the court's statement to the jury that once they decided whether the defendant was guilty or not guilty the court would then go on to impose sentence was incorrect, as a court does not go on to impose sentence after an acquittal. However, overall, we note that the trial court gave correct instructions on the presumption of innocence and the burden of proof. The jury instructions taken in their entirety do not rise to the level of reversible error. Further defense counsel did not object to the trial court's statement to the jury at the time it was given, nor did he raise this issue in his motion for a new trial. Under these circumstances such error does not warrant a new trial. *See State v. Brouillette,* 286 N.W.2d 702, 708 (Minn.1979); *State v. Blackbull,* 375 N.W.2d 71, 73 (Minn.Ct.App.1985).

■ Appellant also claims that, in its additional instructions, the trial court indicated to the jury that it would be lenient in sentencing. Such an assurance would be reversible error. *State v. Meany,* 262 Minn. 491, 506, 115 N.W.2d 247, 258 (1962). The trial court in the present case stated to the jury:

> it is the responsibility of the Court once you make that decision to impose sentence and the court may or may not—I guess at that point in time it's up to the Court to decide what the sentence may be, whether the sentence should be lenient or not and that's something the Court takes into consideration in imposing sentence * * *.

We do not read this statement to make a flat assurance of leniency but only to explain to the jury with whom the power exists. However, appellant's point is well taken in that the statement could reasonably have been understood to imply that consideration of leniency by the court would follow a verdict of guilty.

## II.

*Sentencing*

Next appellant contends that the trial court imposed a harsher sentence because he exercised his right to a jury trial. The comments of the trial court are troublesome and do not clearly indicate what the trial court intended when it stated;

> [The sentence] may be a little bit more harsh than if you had entered a plea of guilty to start with but I don't know as that's true in as much as I am sentencing in accordance with the standard first-time penalty.

In *State v. Mollberg,* 310 Minn. 376, 246 N.W.2d 463 (Minn.1976), the supreme court also considered the possibility that a defendant had been penalized for exercising his right to a jury trial and noted the difficulty in ascertaining whether such a penalty had been invoked. The court stated:

> In such a case, the record must affirmatively show that the court sentenced the defendant solely upon the facts of his

case and his personal history, and not as punishment for his refusal to plead guilty.

*Id.* at 388, 246 N.W.2d at 471 (quoting *United States v. Stockwell,* 472 F.2d 1186, 1188 (9th Cir.1972), *cert. denied,* 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973)).

■ Our review of the record in the present case does not reveal that needed affirmative showing. Therefore we remand this case to give the trial court an opportunity to reconsider the factors which motivated the sentence imposed. We note that the underlying facts of this case, although technically enough to support a conviction, appear to show a well-intended and reasonable action on appellant's part rather than a deliberate attempt to violate driving laws.

Resentencing may present an opportunity for the trial court to exercise its power of leniency which it explained to the jury in the additional instructions.

## DECISION

The trial court's instructions to the jury when viewed in their entirety did not constitute reversible error.

The trial court's comments at the time of sentencing were unclear and did not affirmatively show appellant was sentenced only in light of the facts of this case. Therefore we remand for resentencing.

Affirmed in part and remanded for resentencing.