[No. 32075-1-I.   Division One.   September 5, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL SCOTT SANDEFER, *Appellant*.

*Nielsen & Acosta*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine* and *David F. Thiele, Deputies*, for respondent.

BAKER, C.J. — Paul Scott Sandefer appeals his standard range sentence for child molestation contending the sentencing court improperly penalized his exercise of his right to a jury trial. The State contends Sandefer's standard range sentence is not appealable. We review Sandefer's sentencing to determine whether his constitutional rights were violated, find no error, and affirm.

Sandefer was convicted after a jury trial on one count of first degree child molestation. The State requested an

exceptional sentence based on the particular vulnerability of the victim. Defense counsel objected to the recommendation as penalizing Sandefer for going to trial, and suggested a sentence at the top end of the standard range. Sandefer also objected and asked for a standard range sentence, noting that he had rejected two earlier plea offers, one at the bottom of the standard range and one in the middle of the range.

> I do not believe it's fair that I go do the exceptional sentence and end up going to do more than what I started to. [The State] offered me the low end of my range and then they offered me the medium range. Both those I turned down, because I did not commit the crime. I feel that I should have been able to go through a fair trial.

After rejecting the State's request for an exceptional sentence, the trial court responded to Sandefer's objection.

> I frequently . . . in sentencing within the standard range give a defendant a more lenient sentence if the defendant has entered a plea of guilty. And the predominant reason I do that, not because I'm trying to be nice to a defendant, but I know that defendants who do enter pleas of guilty, in cases of this nature, it saves the parent and the child a lot of grief, in that they don't have to go through this experience, this heart rendering experience in the courtroom in having a poor little girl testify in front of a whole bunch of strangers about what happened to her.
>
> Mr. Sandefer, if you entered a plea of guilty, I very possibly would have given you a more lenient sentence towards the lower end of the range, because of saving the victim being victimized by going through this court process. You didn't, and I'm not going to give you that break.

The standard range was sixty-seven to eighty-nine months. The presentence investigation recommended seventy-eight months. The trial court sentenced Sandefer to eighty-nine months.

## I

■ We first consider the State's argument that Sandefer's standard range sentence may not be appealed. As a

general rule, a standard range sentence under the Sentencing Reform Act of 1981 (SRA) is not appealable.[1] However, the Supreme Court has observed, in dicta, that errors of constitutional magnitude would necessarily overcome the SRA's statutory prohibition.[2] The State does not argue otherwise. The reviewability of Sandefer's claimed error depends upon whether it raises a constitutional issue.

Sandefer's challenge to his sentence raises such an issue. The imposition of a penalty for the exercise of a defendant's legal rights violates due process.[3] Sandefer contends such an imposition occurred in his sentencing. If true, an error of constitutional magnitude occurred. We must therefore consider the merits of Sandefer's appeal to determine if such an error occurred.

## II

Sandefer contends the sentencing court improperly considered his decision to stand trial. This case highlights the conflict between the recognized practice of plea bargaining and the constitutional prohibition against penalizing a defendant's exercise of his or her constitutional rights.[4] Plea bargaining does not offend the prohibi-

---

[1]*State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257 (1994); RCW 9.94A.210(1).

[2]*State v. Mail*, 121 Wn.2d 707, 712-13, 854 P.2d 1042 (1993) (citing *State v. Herzog*, 112 Wn.2d 419, 423, 771 P.2d 739 (1989)).

[3]*See Bordenkircher v. Hayes*, 434 U.S. 357, 363-64, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978).

[4]It should be noted that the delicate distinction between rewarding defendants who plead guilty and not punishing those who stand trial is not uniformly accepted.

[I]t makes no sense to suggest that a refusal to plead guilty and stand trial may not be considered as a factor in sentencing a defendant, but a guilty plea could be considered by a sentencing judge as a mitigating factor in a proper case. The chilling effect is the same in either situation; an accused who believes he can get a lighter sentence by pleading guilty will eschew his right to a trial by jury and enter a guilty plea. Moreover, it seems incongrous to suggest that a judge may not penalize an accused for not pleading guilty,

tion.[5] Sentence concessions may be granted to defendants who plead guilty.[6] The imposition of a longer sentence after trial than originally offered in a rejected plea bargain, without more, does not establish an impermissible penalty.[7]

> When a defendant voluntarily chooses to reject or withdraw from a plea bargain, he retains no right to the rejected sentence. Having rejected the offer of a lesser sentence, he assumes the risk of receiving a harsher sentence. If defendants could demand the same sentence after standing trial that was offered in exchange for a guilty plea, all incentives to plead guilty would disappear. Defendants would lose nothing by going to trial.

*Carter*, 804 F.2d at 513 (citing *Frank*, 646 F.2d at 887). Likewise, a sentence concession given to a codefendant who pleads guilty does not establish that the defendant who receives a longer sentence after trial has been penalized.[8]

On appeal Sandefer does not rely on the sentencing court's refusal to afford him the benefit of the plea offers he rejected. Rather, Sandefer contends the sentencing court's remarks indicate its improper consideration of his refusal to plead guilty. Numerous authorities have considered the issue of whether comments made by a sentencing court indicate that the court may have improperly considered the defendant's exercise of his or

but can reward the accused for pleading guilty. The ABA Standards . . . not only defy logic but also place an impermissible chill on the exercise of the right to trial by jury.

*Commonwealth v. Bethea*, 474 Pa. 571, 581, 379 A.2d 102 (1977) (Manderino, J., concurring); *see also United States v. Carter*, 804 F.2d 508, 515 (9th Cir. 1986) (Reinhardt, J., dissenting).

[5]*Bordenkircher*, 434 U.S. at 363.

[6]*Frank v. Blackburn*, 646 F.2d 873, 885 (5th Cir. 1980) (en banc) (citing with approval *in ABA Standards Relating to Pleas of Guilty* § 1.8(a) (Approved Draft 1968)), *cert. denied*, 454 U.S. 840 (1981).

[7]*United States v. Carter*, 804 F.2d 508 (9th Cir. 1986); *United States v. Townsend*, 796 F.2d 158, 164 (6th Cir. 1986).

[8]*State v. Lacy*, 195 Neb. 299, 303-04, 237 N.W.2d 650 (1976).

her rights.[9] Some courts have reversed sentences based on the sentencing court's stated policy of reserving favored treatment for those defendants who plead guilty.[10] Other courts have examined the record to determine whether the trial court was actually influenced by the defendant's decision to stand trial.[11] In cases relied on by the State, the record did not support the inference that the trial court actually considered the defendant's decision to stand trial.[12]

---

[9]This is not the easy case where the judge's comments clearly indicate that the judge penalized the defendant for going to trial. *See United States v. Medina-Cervantes*, 690 F.2d 715, 716 (9th Cir. 1982) (sentencing court remarked that defendant had "a lot to lose" by going to trial); *United States v. Hutchings*, 757 F.2d 11, 13 (2d Cir.) (sentencing court remarked " '[the defendant] was clearly and unquestionably guilty, and there should have been no trial.' "), *cert. denied*, 472 U.S. 1031 (1985); *Johnson v. State*, 274 Md. 536, 538-39, 336 A.2d 113 (1975) (sentencing court remarked that defendant had not told the truth at trial and would have received a moderate sentence if he told the truth and pleaded guilty).

[10]*See State v. Smith*, 52 Or. App. 681, 629 P.2d 420 (1981) (trial court refused to recommend a special deferred sentence for the defendant noting that the judge ordinarily granted such consideration to defendants who pleaded guilty); *In re Lewallen*, 23 Cal. 3d 274, 590 P.2d 383, 152 Cal. Rptr. 528, 100 A.L.R.3d 823 (1979) (sentencing court noted that defendant would not be penalized for not pleading guilty but would not receive the same consideration he would have had if he pleaded guilty).

[11]In *Commonwealth v. Bethea, supra*, the sentencing court remarked: "[H]ad you pled guilty it might have shown me the right side of your attitude about this, but you pled not guilty, fought it all the way, and the jury found you guilty, and I'm going to sentence you at this time." (Emphasis omitted.) *Bethea*, 379 A.2d at 106-07. The Pennsylvania Supreme Court vacated the sentence, noting that a sentence was invalid if it reasonably appeared from the record that the trial court relied in whole or in part on an improper factor. In *State v. Knaak*, 396 N.W.2d 684 (Minn. Ct. App. 1986) the sentencing court remarked: "[The sentence] may be a little bit more harsh than if you had entered a plea of guilty to start with but I don't know as that's true in as much as I am sentencing in accordance with the standard first-time penalty." *Knaak*, 396 N.W.2d at 689. The reviewing court reversed the sentence, finding that the record did not affirmatively show that the sentencing court had considered only proper factors.

[12]In *United States v. Carter, supra*, the defense requested a sentence which did not exceed what had been agreed to in an earlier plea bargain. The trial court remarked that defendants who pleaded guilty saved the government a lot of money and would get credit for that. *Carter*, 804 F.2d at 513. However, the reviewing court found that the sentencing court had imposed sentences based on the defendants' backgrounds and criminal history, that the record failed to show that the court imposed harsher sentences as a punishment for standing trial, and that the court had expressly disavowed such motives. *Carter*, 804 F.2d at 514-15.

In *State v. Lacy, supra*, the defendant claimed that the lesser sentence received by a codefendant who pleaded guilty, coupled with the sentencing

■ We hold that the sentencing court's remarks do not indicate improper consideration of Sandefer's right to stand trial. Instead, we read the court's remarks as nothing more than a fair response to Sandefer's objection to the State's recommendation. Apart from correctly explaining why Sandefer could no longer demand the benefit of a plea offer he earlier rejected, nothing in the court's remarks affirmatively indicates that the court improperly considered Sandefer's decision to stand trial. To rule otherwise would permit defendants and defense counsel to constrain the sentencing court's exercise of its discretion by simply asking the court, as Sandefer did here, why the court did not afford the defendant the benefit of an earlier plea offer. The sentencing court must be able to respond to such an inquiry without prejudicing its sentencing discretion.

Affirmed.

AGID and COX, JJ., concur.

---

court's remarks, indicated that he had been penalized for not pleading guilty. The judge remarked that the codefendant was given special consideration for pleading guilty. Noting that the defendant's sentence was close to the statutory minimum, the reviewing court found that the consideration given to the codefendant did not demonstrate that the defendant had been penalized for exercising his constitutional rights. *Lacy,* 237 N.W.2d at 653. *See also United States v. Araujo,* 539 F.2d 287 (2d Cir.), *cert. denied,* 429 U.S. 983 (1976); *People v. Sivels,* 60 Ill. 2d 102, 324 N.E.2d 422 (1975).