[No. 45622-9-I.   Division One.   February 5, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. HERBERT WAYNE RICHARDSON, *Appellant*.

*Eric J. Nielsen* (of *Nielsen, Broman & Associates, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Kelly L. Harris, Deputy*, for respondent.

AGID, C.J. — Herbert Richardson appeals the trial court's imposition of costs after a jury found him guilty of assault in the fourth degree. We hold that because the court's order imposing costs was based solely on Richardson's decision to go to trial rather than accepting the State's plea offer, it was improper and we reverse it.

## FACTS

Richardson was charged with attempted rape in the second degree, in violation of RCW 9A.28.020 and RCW 9A.44.050(1)(a). After plea negotiations failed on the day the case was set for trial, the State moved to amend the information to add alternative counts of assault in the fourth degree, contrary to RCW 9A.36.041, and indecent exposure, contrary to RCW 9A.88.010(1). The trial court granted the motion. The jury found Richardson guilty only of assault in the fourth degree.

At sentencing, the court ordered Richardson to pay $269.98 for court costs and $300 for recoupment of attorney fees pursuant to RCW 10.01.160, in addition to the manda-

tory $500 victim penalty assessment.[1] The court denied Richardson's motion to reconsider the imposition of costs. This appeal followed.

## DISCUSSION

The record indicates that the trial court imposed costs solely because Richardson declined to plead guilty to the charge of which he was ultimately convicted, fourth degree assault. That reasoning was flawed.

At sentencing, the court initially announced it would not impose costs, noting that "under the circumstances, in light of the fact Mr. Richardson was acquitted of the greater, I won't impose costs." When the court then asked whether there was an attempt to reach an agreed disposition at the misdemeanor level, defense counsel replied: "There was an attempt. I mean, we did—there were discussions, yes." The court responded: "Then I won't impose any further financial obligations."[2] But when the State commented it had offered "assault four and indecent exposure prior to trial, and that was not accepted," the court changed its decision about costs and said:

> Okay. I was asking it in—I was inquiring whether the state had made that offer. And the state had made that offer, so that means something to me.
>
> . . . .
>
> So under those circumstances I am imposing court costs.
>
> . . . .
>
> And part of the cost of defense fees in the sum of $300. . . .

When defense counsel sought to object to the imposition of fees and costs because Richardson "turned down an offer [from the State]," the court replied that objections could be heard only "prior to the court ruling and prior to the court imposing sentence. We're not in a dialogue here."

---

[1] *See* RCW 7.68.035(1).

[2] The court had already ordered Richardson to pay the victim penalty assessment.

■ ■ It is clear from the record that the court imposed costs only because Richardson rejected the State's plea offer. While RCW 10.01.160 does not delineate acceptable bases for imposing costs, and courts are not required to explain why they impose legal financial obligations, it is a well-known principle that imposing a penalty for exercising legal rights violates due process.[3] Where, as here, the decision to impose costs is based solely on a defendant's exercise of his right to go to trial, that principle is contravened and reversal of the order is appropriate.

Our decision in *State v. Sandefer*[4] is instructive here. After a jury convicted him of one count of first degree child molestation, Sandefer contested the State's recommendation of an exceptional sentence. The court ultimately rejected the exceptional sentence and imposed the highest standard range sentence. The trial judge noted that, in sentencing within the standard range in child molestation cases, he frequently "give[s] a defendant a more lenient sentence if the defendant has entered a plea of guilty" because it saves the child from having to testify.[5] But because Sandefer had rejected two plea offers, the court determined it was "not going to give [him] that break."[6] On appeal, Sandefer argued that the sentencing court improperly considered his decision to stand trial. We affirmed the sentence, concluding there was no error because the court's remarks were "nothing more than a fair response to Sandefer's objection to the State's recommendation," and that "nothing in the court's remarks affirmatively indicates that the court improperly considered Sandefer's decision to stand trial."[7]

In *Sandefer*, the court acknowledged that it routinely

---

[3] *See State v. Sandefer*, 79 Wn. App. 178, 181, 900 P.2d 1132 (1995).

[4] 79 Wn. App. 178, 900 P.2d 1132 (1995).

[5] "Sentence concessions may be granted to defendants who plead guilty." *Id.* at 182.

[6] *Id.* at 180.

[7] *Id.* at 184.

decreased the sentence of child molestation defendants who elected to plead guilty. In contrast, because Richardson decided *not* to plead guilty here, the court *increased* the penalty by imposing costs it had previously declined to impose. In so doing, the court improperly penalized Richardson's exercise of his rights.[8]

■ Richardson also argues the trial court erred because "there is no indication it considered [his] financial resources and ability to pay the monetary obligations it ordered."[9] We review the court's factual determination of Richardson's ability to pay under the clearly erroneous standard[10] and reject this argument.

At the sentencing, defense counsel told the court that "[Richardson] is employed. . . . I've confirmed this morning with his father-in-law and with him that he is employed at this point doing construction work." And Richardson himself informed the judge that he "got an apartment and a job." On this record, the trial court's determination that Richardson had the ability to pay was not clearly erroneous. Although it may have been more helpful if the court had considered specific monetary figures when assessing Richardson's ability to pay, no formal findings were required.[11] Further, Richardson has the option of petitioning the court for relief from these financial obligations if they pose a manifest hardship to him or his immediate family.[12] There was no clear error.

---

[8] The particular facts of this case underscore the inappropriateness of imposing costs because Richardson refused the State's plea offer. Richardson actually improved his position by refusing the plea bargain and going to trial since he was acquitted of the indecent exposure charge. Further, the trial court surmised on the record that, based on the second degree rape charge, the case was "grossly overcharged." If that assessment is valid, then the lesser charges to which Richardson refused to plead guilty may have been the charges that Richardson should have been allowed to *avoid* by plea bargaining down to the single charge on which the jury found him guilty.

[9] RCW 10.01.160(3) states that "[t]he court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them."

[10] *See State v. Williams*, 65 Wn. App. 456, 459, 828 P.2d 1158, 840 P.2d 902 (1992).

[11] *See State v. Hartz*, 65 Wn. App. 351, 356, 828 P.2d 618 (1992).

[12] *See* RCW 10.01.160(4).

24

In sum, the trial court's decision to impose costs solely because Richardson rejected the State's plea offer was improper. For that reason, we reverse that portion of the judgment and sentence.

KENNEDY and APPELWICK, JJ., concur.