IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73822-4-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| MONIQUE SHAUNTE HOWARD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 26, 2016 |
| | ) | |

BECKER, J. — Monique Howard appeals her standard range sentence for first degree robbery. She contends the sentencing judge penalized her for exercising her right to a jury trial. We affirm.

A jury found Howard guilty of first degree robbery and returned a special verdict finding that she committed the crime with a deadly weapon. The standard sentencing range was 31 to 41 months. The State recommended a mid-range sentence of 36 months along with the mandatory 24-month enhancement for the deadly weapon. Howard recommended a low-end sentence of 31 months along with the mandatory 24-month enhancement. The trial court accepted the State's recommendation. Howard appeals.

A defendant cannot appeal a standard range sentence unless the error presents an issue of constitutional magnitude or is otherwise contrary to the law. State v. Williams, 149 Wn.2d 143, 147, 65 P.3d 1214 (2003); State v. Sandefer,

79 Wn. App. 178, 181, 900 P.2d 1132 (1995). If the sentence is imposed to punish a defendant for exercising her right to go to trial instead of accepting a plea bargain, it is an error of constitutional magnitude that may be appealed. Sandefer, 79 Wn. App. at 181.

The trial judge made the following remarks at sentencing:

> The avenue for equity was passed when you declined the offer to simply plead to the underlying robbery without the deadly weapon enhancement. I recognize that that will impose some substantial time because of the jury's finding with respect to that.
>
> . . . .
> . . . The State's recommendation is a reasonable one. It's not to punish you for choosing to go to trial. But it is to recognize that the defense not only failed but wasn't very believable.
> And that there was a conscious decision to turn down a more favorable opportunity that would have saved you, perhaps, as much as a couple of years in prison. So I will choose to follow the State's recommendation which was my inclination at the beginning for a mid range sentence of 36 months plus the two-year enhancement for the deadly weapon.

As in Sandefer, nothing in the comments quoted above affirmatively indicates that the court improperly considered Howard's decision to go to trial when choosing a mid-range sentence rather than a low-end sentence.

In Sandefer, the court imposed a high-end standard range sentence for child molestation. The court commented that it would frequently impose a more lenient sentence if a defendant had entered a guilty plea, thereby sparing a child victim the burden of testifying. Sandefer, 79 Wn. App. at 180.

On appeal, Sandefer argued that the sentencing court improperly considered his decision to stand trial. This court affirmed, concluding that the court's remarks were "nothing more than a fair response to Sandefer's objection to the State's recommendation." Sandefer, 79 Wn. App. at 184. "To rule

otherwise would permit defendants and defense counsel to constrain the sentencing court's exercise of its discretion by simply asking the court, as Sandefer did here, why the court did not afford the defendant the benefit of an earlier plea offer." Sandefer, 79 Wn. App. at 184. Following Sandefer, we reject Howard's due process challenge.

The court imposed a community custody sentence term of 18 months under RCW 9.94A.701. Howard contends that section .701 is ambiguous as to the length of the community custody term that results from a first degree burglary conviction. We resolved this issue in State v. Hood, No. 73401-6-I (Wash. Ct. App. Sept. 26, 2016). Following Hood, we affirm the 18-month term of community custody.

Howard asks this court to state that appellate costs will not be awarded against her. We have discretion as to whether costs will be awarded on appeal. State v. Sinclair, 192 Wn. App. 380, 386, 367 P.3d 612 (2016).

The trial court declared Howard indigent. The State nevertheless argues that Howard's future ability to pay appellate costs is evidenced by her youth (22 years old), by the trial court's finding that she will probably be able to get a paying job in prison, and by the fact that she has actually paid $34.42 toward her legal financial obligations while incarcerated. These facts do not persuade us that imposing a debt of thousands of dollars upon Howard would be a productive exercise of our discretion. We deny the State's request to impose appellate costs.

Affirmed.

WE CONCUR:

Trickey, ACT

Becker, J.

Cox, J.

COURT OF APPEALS DIV. I
STATE OF WASHINGTON
2016 SEP 26 AM 9: 49