[No. 8554–6–III.  Division Three.  April 19, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. KELLY JAMES
EARLS, *Appellant*.

*Daniel Arnold,* for appellant (appointed counsel for appeal).

*Andrew K. Miller, Prosecuting Attorney,* for respondent.

THOMPSON, A.C.J.—Kelly James Earls appeals that part of his sentence ordering repayment of attorney fees and costs. We reverse in part and remand to the trial court.

Mr. Earls was charged in Benton County with first degree murder. Prior to trial, he offered to plead guilty to second degree murder. The State declined his offer. Because Mr. Earls was indigent, the court ordered counsel be provided him at the County's expense. Based upon the complexity of the case, the court also allowed Mr. Earls' court–appointed attorney to associate a private attorney to assist him. The association of the private attorney was also at County expense. After a trial and conviction of murder in the second degree, Mr. Earls was sentenced to 178 months in the state penitentiary.

At sentencing, the court also ordered Mr. Earls to pay the County his attorney fees in the amount of $6,125.90, and court costs in the amount of $2,608.43. He appeals the assessment of costs and attorney fees.

RCW 10.01.160 is controlling. It was enacted by the Legislature in 1976 and is identical to the Oregon statute upheld in *Fuller v. Oregon,* 417 U.S. 40, 40 L. Ed. 2d 642, 94 S. Ct. 2116 (1974); *see* 1971 Or. Laws, ch. 743, §§ 80–82, now codified as Or. Rev. Stat. §§ 161.665, 161.675, 161.185 (1971). It provided:

(1) The court may require a convicted defendant to pay costs.

(2) Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law. Expenses incurred for serving of warrants for failure to appear may be included in costs the court may require a convicted defendant to pay.

(3) The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them.

In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

Former RCW 10.01.160(1)–(3).[1]

The history of RCW 10.01.160 indicates the Legislature enacted it to satisfy state and federal constitutional requirements. Prior to the adoption of RCW 10.01.160 *et seq.* in 1976, the Supreme Court held that without safeguards against arbitrary or oppressive assessment, recoupment of the cost of appointed counsel from criminal defendants as a condition of probation violates an indigent defendant's right to counsel. *State v. Hess,* 86 Wn.2d 51, 541 P.2d 1222 (1975); *State ex rel. Brundage v. Eide,* 83 Wn.2d 676, 521 P.2d 706 (1974). Subsequent to the enactment of the statute, the court in *State v. Barklind,* 87 Wn.2d 814, 557 P.2d 314 (1976) upheld an order requiring repayment of counsel fees substantially similar to the one upheld in *Fuller v. Oregon, supra.* The court noted the new statute, and declined to apply a higher constitutional standard to it than mandated by the *Fuller* decision.

In *Fuller,* the United States Supreme Court set out certain conditions recoupment statutes must satisfy to be constitutional. The Court held those conditions were met by the Oregon statute and the Oregon courts' interpretation of the statute. Summarized, these conditions are:

(1) The requirement of repayment must not be mandatory;

(2) Repayment may be imposed only upon convicted defendants;

---

[1]The more recently enacted Sentencing Reform Act of 1981 (SRA) includes RCW 9.94A.120(9), which specifies, as part of any sentence under that chapter: "the court may also require the offender to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary (a) to pay courts costs . . . (b) to make recoupment of the cost of defense attorney's fees if counsel is provided at public expense, . . . (d) to make such other payments as provided by law. All monetary payments shall be ordered paid by no later than ten years after the date of the judgment of conviction."

(3) Repayment may only be ordered if the defendant is or will be able to pay;

(4) The financial resources of the defendant must be taken into consideration;

(5) A repayment obligation may not be imposed if it appears there is no likelihood the defendant's indigency will end;

(6) The convicted person must be permitted to petition the court for remission of the payment of costs or any unpaid portion thereof;

(7) The convicted person cannot be held in contempt for failure to repay if the default was not attributable to an intentional refusal to obey the court order or a failure to make a good faith effort to make repayment.

*See Barklind,* at 817–18.

Here, Mr. Earls maintains the sentencing court failed to abide by these principles. In answer to his argument, the State contends *Fuller* and *Barklind* are concerned solely with conditions on probation, and since Mr. Earls is incarcerated, the principles set forth in those cases do not apply. However, the United States Supreme Court in *Fuller* rejected any such distinction within the statute between those ordered to repay costs who are incarcerated, and those merely on probation. *Fuller,* 417 U.S. at 49 n.10. *See also State v. Mitchell,* 48 Or. App. 485, 617 P.2d 298 (1980) (required criteria of ability to pay and the likelihood indigency will end applied to a case of a person incarcerated for 20 years). We conclude the conditions required by *Fuller* apply equally to those on probation and those incarcerated or imprisoned.

The court's judgment and sentence lacks specific findings regarding Mr. Earls' present or future ability to pay, his financial resources, or the likelihood indigency will change. The record does not reveal any inquiry was made regarding these matters at sentencing. The statute and case law require such a consideration.

■ Oregon has interpreted its statute to require a sentencing court to specifically consider and make findings of

an ability to repay. *See State v. Mitchell, supra; State v. Fuller,* 12 Or. App. 152, 504 P.2d 1393, *aff'd,* 417 U.S. 40, 40 L. Ed. 2d 642, 94 S. Ct. 2116 (1974). Where our Legislature has adopted a statute of another state, our courts will consider as authoritative that state's construction of it. *State v. Carroll,* 81 Wn.2d 95, 109, 500 P.2d 115 (1972); *Herzog Aluminum, Inc. v. General Am. Window Corp.,* 39 Wn. App. 188, 195, 692 P.2d 867 (1984). *Mitchell* relied upon the interpretation in *State v. Fuller, supra,* of the ability to pay provision.

> "A defendant is * * * required to repay appointed counsel's fee only if and when he is no longer indigent. If there is no likelihood that a defendant's indigency will end, a judgment for costs *cannot be imposed.*

(Italics ours.) *Mitchell,* at 489 (quoting *State v. Fuller,* at 159). The United States Supreme Court also commented on this requirement in *Fuller v. Oregon, supra,* when it noted, "Defendants with no likelihood of having the means to repay are not put under even a conditional obligation to do so . . ." *Fuller,* 417 U.S. at 46. We hold that without specific findings, that part of the judgment and sentence assessing costs and attorney fees cannot stand.[2]

Finally, Mr. Earls assigns error to the inclusion of certain fees, including a service of process fee, a $70 filing fee, $50 jury fee, and certain witness fees and investigative costs. He contends these are "expenses inherent in providing a constitutionally guaranteed jury trial", excluded from recoupment by former RCW 10.01.160(2). While the compensation paid jurors cannot be recouped, *see* AGO 14, at 6

---

[2]We note Mr. Earls was sentenced to 178 months, and under the SRA, with one-third off for good time, his minimum release date is 119 months, or 1 month short of 10 years. RCW 9.94A.120(9) (see footnote 1) appears to preclude collection after 10 years. Thus, it is highly unlikely this defendant will have any change in his indigency status for at least 10 years. Any assessment of costs would likely be a useless act. However, we leave this decision to the properly guided discretion, and factual determination, of the trial court.

(1978), the jury fee of $50 can. *See* RCW 10.46.190.[3] The $70 filing fee may be charged to the defendant upon conviction or plea of guilty pursuant to former RCW 36.18-.020(16). *See* AGO 14, at 6 (1976).

With regard to witness fees and the cost of investigators, the Oregon court has construed the identical provision in its statute, Or. Rev. Stat. § 161.665(2) (1971), to allow recoupment of these expenses as "costs specially incurred". *State v. Hastings,* 24 Or. App. 123, 544 P.2d 590 (1976); *see* AGO 14, at 5. We are persuaded this interpretation is correct. This same reasoning applies to the sheriff's fee for service of process.

We reverse that part of the judgment and sentence assessing fees and costs, and remand for specific findings. If the sentencing court can find a present or likely future ability to repay, taking into consideration the financial resources of the defendant and the likelihood the defendant's indigency will end, then it may order recoupment of attorney fees, witness fees, filing fee, investigator's expense, jury fee, and service of process charge.[4]

GREEN and MUNSON, JJ., concur.

---

[3]RCW 10.01.160(2) was amended in 1987 to clarify that the jury fee under RCW 10.46.190 may be included in costs the court may require be paid by a convicted defendant. Laws of 1987, ch. 363, § 1.

[4]Mr. Earls makes additional arguments regarding whether he is "convicted" for purposes of RCW 10.01.160 because he was convicted of a lesser included crime to which he offered to plead guilty. He cites no case law to support his argument. As the State points out, there is no authority for the proposition he must be "convicted as charged" in order to be assessed fees and costs.

In addition, Mr. Earls contends the Superior Court for Benton County contracted with defendant to provide witnesses for an attorney at no expense based upon the notice of court appearance and advisement of rights, which states, "If you cannot afford an attorney one will be provided at no expense to you. . . . You have the right to have witnesses testify for you. They can be made to appear at no expense to you." Again, no court has construed this mandatory advisement of rights as creating a contract. We likewise decline the invitation.