[No. 23127–8–I.   Division One.   December 27, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTHONY RAPHAEL HAYES, *Appellant.*

*Andrew P. Zinner* and *Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Scott Peterson, Deputy,* for respondent.

WEBSTER, J.—Anthony Hayes appeals an order requiring him to pay court costs and attorney fees, to contribute money to a drug fund, and to contribute money to a crime victims' compensation fund. His sole contention is that the trial court erred when it failed to enter findings regarding his ability to pay. We agree, and remand to the trial court to make proper findings.

Hayes pleaded guilty to possessing cocaine on June 3, 1988. On October 20, 1988, the court sentenced him to 180 days in jail. As part of the judgment and sentence, the court also ordered him to pay $101 court costs, $447 attorney fees, $100 to King County interlocal drug fund, and $70 in victims' assessment.

Hayes argues that the trial court should have examined his ability to pay before imposing these financial obligations. A court may order an indigent defendant to repay attorney fees only if certain conditions are met: (1) Repayment cannot be mandatory; (2) the order may only be imposed on convicted defendants; (3) the defendant must presently or will in the future be able to repay; (4) financial resources of the defendant must be examined; (5) no repayment obligations may be imposed if there is no likelihood of the indigency ending; (6) the defendant must be permitted to petition the court for remission of all or part of the fees; and (7) the defendant cannot be held in contempt if failure to pay was unintentional and not made in bad faith. *State v. Earls,* 51 Wn. App. 192, 195–96, 752 P.2d 402 (1988) (citing *State v. Barklind,* 87 Wn.2d 814, 817–18, 557 P.2d 314 (1976)). The court must enter specific findings regarding a defendant's present or future ability to

pay, the defendant's financial resources, and, if the defendant is indigent, the likelihood that status will change. *See Earls,* 51 Wn. App. at 196.

The State concedes that a trial court must examine a defendant's ability to pay when it orders payment of court costs and attorney fees. The State argues that a trial court need not assess a defendant's ability to pay when imposing the other financial obligations such as compensation to crime victims and contributions to drug interdiction funds.

We see no reason to make a distinction between, on the one hand, requiring contributions to interlocal drug funds and compensation to crime victims, and on the other, repayment of attorney's fees and court costs. When a court requires a convicted defendant to pay, the requirement becomes part of a written order or a provision of a judgment and sentence. A defendant failing to comply with a court order can be incarcerated for contempt. Former RCW 7.20.010(5), .020. By statute, community corrections officers are authorized to have offenders arrested for failure to comply with a requirement of a sentence. RCW 9.94A.195. A poor person subject to an order requiring payment of money could be incarcerated when a wealthy person would not. Equal protection demands that no distinction be made between contributions to funds and payment of court costs and attorney fees. Courts of other jurisdictions support our conclusion. *See, e.g., Fox v. State,* 347 S.E.2d 197, 202 (W. Va. 1986); *People v. Cervantes,* 154 Cal. App. 3d 353, 361, 201 Cal. Rptr. 187 (1984).

We hold that the trial court should have determined Hayes's ability to pay before imposing the monetary obligations. We reverse that part of the sentence imposing financial obligations and remand for specific findings. If the record supports a conclusion that Hayes has a present or

454

likely future ability to repay, taking into account his financial resources and the likelihood that his indigency will end, the court may reinstate the obligations. *See Earls,* 51 Wn. App. at 198.

GROSSE, A.C.J., and FORREST, J., concur.