[No. 27248-9-I.   Division One.   April 6, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT WAYNE BOWER, *Appellant*.

*Patricia Novotny* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Lisa Marchese* and *James Whisman, Deputies,* for respondent.

SCHOLFIELD, J. — Robert Wayne Bower appeals the trial court's order to pay restitution and a victim penalty assessment without specifically finding he has the ability to pay. We affirm.

Bower was charged on June 28, 1990, with taking a motor vehicle without permission and found guilty by jury trial. At sentencing on October 12, 1990, the court ordered Bower to pay a $100 victim penalty assessment and restitution. The court waived other fees, and on December 14, 1990, set the amount of restitution at $3,145.

Bower contends imposition of $3,145 in restitution and a $100 victim penalty assessment, without considering his ability to pay, violated his right to equal protection because if he could not pay he would be subject to arrest prior to a show cause hearing, whereas a person who is able to make payments would not.

██ As a threshold matter, the State argues that Bower should not be allowed to raise the issue on appeal because he did not raise it below. Bower counters that errors affecting a constitutional right may be raised for the first time on appeal. RAP 2.5(a)(3); *State v. Scott*, 110 Wn.2d 682, 686, 757 P.2d 492 (1988). Although we find the issue does not raise a "manifest error affecting a constitutional right", we exercise our discretion under RAP 2.5(a) by accepting review of Bower's claim. *State v. Curry*, 62 Wn. App. 676, 679, 814 P.2d 1252 (1991) (discretionary review granted by order dated Feb. 6, 1992).

Some offenders are required to make certain payments as part of their sentences, such as victim penalty assessments[1] and restitution.[2] If a person violates a condition or requirement of a sentence, a court "shall require the offender to show cause why the offender should not be punished for the noncompliance [and] may issue a summons or a warrant of arrest". RCW 9.94A.200(2)(a). If the violation is not willful, the court

---

[1]RCW 7.68.035 provides:

"(1) Whenever any person is found guilty in any superior court of having committed a crime, . . . there shall be imposed by the court upon such convicted person a penalty assessment. The assessment shall be in addition to any other penalty or fine imposed by law and shall be one hundred dollars for each case . . .".

[2]RCW 9.94A.142(1) provides:

"(1) When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days. The court shall then set a minimum monthly payment that the offender is required to make towards the restitution that is ordered. The court should take into consideration the total amount of the restitution owed, the offender's present, past, and future ability to pay, as well as any assets that the offender may have. During the period of supervision, the community corrections officer may examine the offender to determine if there has been a change in circumstances that warrants an amendment of the monthly payment schedule. . . . The sentencing court may then reset the monthly minimum payments . . . [R]estitution may be modified as to amount, terms and conditions during the ten-year period . . .

"(2) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record."

may modify its previous order.[3] Under RCW 9.94A.195, if an offender violates any condition of his sentence,

> a community corrections officer may arrest or cause the arrest of the offender without a warrant, pending a determination by the court. . . .
> If a community corrections officer arrests . . . an offender under this section, the offender shall be confined and detained in the county jail . . . and . . . shall not be released from custody . . . except upon approval of the court . . ..

Bower argues that it is during incarceration prior to the show cause hearing that an indigent person is not accorded equal protection. For this Bower relies on *State v. Hayes*, 56 Wn. App. 451, 783 P.2d 1130 (1989), which held that the trial court erred in ordering the defendant to pay court costs ($101), attorney's fees ($447), and contribute to a drug fund ($100) and a victim assessment fund ($70) because it failed to find the defendant able to pay. The court made no distinction between the various types of fees, apparently basing its conclusion on the equal protection argument that "[a] poor person subject to an order requiring payment of money could be incarcerated [for contempt] when a wealthy person would not." *Hayes*, at 453.

In a number of recent cases, this court has curtailed the *Hayes* equal protection analysis. *See, e.g., State v. Eisenman*, 62 Wn. App. 640, 810 P.2d 55, 817 P.2d 867 (1991) and *State v. Suttle*, 61 Wn. App. 703, 812 P.2d 119 (1991). In the consolidated cases in *State v. Curry, supra* at 680-81, the

---

[3]RCW 9.94A.200 provides in part:

"(1) If an offender violates any condition or requirement of a sentence, the court may modify its order of judgment and sentence and impose further punishment in accordance with this section.

"(2) If an offender fails to comply with any of the requirements or conditions of a sentence the following provisions apply:

"(a) The court, upon the motion of the state, or upon its own motion, shall require the offender to show cause why the offender should not be punished for the noncompliance. The court may issue a summons or a warrant of arrest for the offender's appearance[.]

" . . . .

"(c) If the court finds that the violation was not willful, the court may modify its previous order regarding payment of fines or other monetary payments and regarding community service obligations."

court analyzed court costs and victim penalty assessments differently, finding the court cost recoupment statute constitutional because it contained significant safeguards, such as allowing a defendant to petition the court for remission of the payment of costs. RCW 10.01.160(4).[4]

As to the victim penalty assessment, the court noted it was mandatory, and "appears to lack the protections contained in RCW 10.01.160." (Footnote omitted.) *Curry*, at 681. The statute also lacks language allowing the court to grant relief from the obligation if the default is nonwillful. Despite this apparent lack of safeguards, the court upheld the constitutionality of the victim penalty assessment:

> [I]t is questionable whether constitutional principles would be violated even at the time of default and attempted collection. Although RCW 7.68.035 offers none of the safeguards normally associated with assessment statutes, other statutory provisions protect defendants who default on court-imposed financial obligations . . . RCW 9.94A.200 provides that a trial court, upon motion, shall give a defendant in violation of a condition of his sentence the opportunity to show cause why he should not be incarcerated for his violation. The court may treat a nonwillful violator more leniently. RCW 9.94A.200-(2)(c). The contempt provision (RCW 7.21.010) also protects defaulting defendants by defining contempt of court as any "*intentional* . . . [d]isobedience of any . . . order . . . of the court". (Italics ours.) RCW 7.21.010(1)(b). These statutes provide adequate protection for the appellants should they later default.

*Curry*, at 682. *See also State v. Allyn*, 63 Wn. App. 592, 821 P.2d 528 (1991) (upholding the trial court's imposition of a $100 victim penalty assessment based on *Curry*); *State v. Bennett*, 63 Wn. App. 530, 821 P.2d 499 (1991) (in juvenile context, the nonwillful failure to pay restitution would not result in incarceration). We find the trial court did not err in ordering a victim penalty assessment.

In *State v. Baldwin*, 63 Wn. App. 303, 818 P.2d 1116 (1991), the defendant argued his right to counsel was infringed by the assessment of $500 in recoupment of attorney's fees and

---

[4]*Curry* analyzed former RCW 10.01.160. Changes made to the statute in 1991 are immaterial to our analysis.

court costs of $85. In that case we reviewed the line of cases beginning with *Fuller v. Oregon*, 417 U.S. 40, 40 L. Ed. 2d 642, 94 S. Ct. 2116 (1974) and *State v. Barklind*, 87 Wn.2d 814, 557 P.2d 314 (1976), and held that formal findings were unnecessary since adequate procedural safeguards existed within the applicable statutes:

> the meaningful time to examine the defendant's ability to pay is when the government seeks to collect the obligation. RCW 10.01.160 provides, as did the statute upheld in *Fuller*, that at the time payment is to be enforced the defendant will not be held in default if such payment would impose a "manifest hardship" on the defendant or the defendant's family. The defendant may petition the court at any time for remission or modification of the payments on this basis. Through this procedure the defendant is entitled to judicial scrutiny of his obligation and his *present* ability to pay at the relevant time. In contrast, the inquiry at sentencing as to *future* ability to pay is somewhat speculative and does not necessarily threaten incrimination.

(Footnotes omitted.) *Baldwin*, at 310-11.

We find the reasoning in *Curry* and *Baldwin* applies to the case at hand. The statute under which Bower was ordered to pay restitution, like the victim penalty assessment statute, mandates restitution. In neither the restitution statute at issue (RCW 9.94A.142) nor the victim assessment statute (RCW 7.68.035) is there language allowing the trial court to grant relief to the defendant if the default is nonwillful. Yet despite these facial difficulties, we concluded in *Curry* that the victim penalty assessment was constitutional because there were other statutory provisions to protect defendants who default. For example, RCW 9.94A.200(2)(a) provides for a show cause hearing, and RCW 7.21.010(1)(b) defines contempt of court as any *intentional* disobedience of a court order. We find these same safeguards that protect offenders from unconstitutional application of the victim penalty assessment also protect offenders from an unconstitutional imposition of restitution.

Additionally, as in the analogous situations in *Curry* and *Baldwin*, Bower may petition the court if he is unable to make his restitution payments. In doing so, he will not be

814

subject to arrest prior to a show cause hearing. As the *Baldwin* court pointed out, any inquiry at sentencing as to future ability to pay is necessarily speculative. Here, the community corrections officer "may examine the offender to determine if there has been a change in circumstances that warrants an amendment of the monthly payment schedule." RCW 9.94A.142(1).

Through these procedures, Bower is entitled to judicial scrutiny of his obligation and present ability to pay restitution at the relevant time and would not be subject to arrest before his show cause hearing.

Affirmed.

WEBSTER, A.C.J., and FORREST, J., concur.

Review denied at 119 Wn.2d 1016 (1992).