234 P.3d 212 (2010)
STATE of Washington, Respondent,
v.
Maurice Terrell BROWN, Petitioner.
No. 84083-1.
Supreme Court of Washington, En Banc.
Considered July 18, 2010.
Decided July 15, 2010.
*213 James Edward Egan, James E. Egan, P.S., Kennewick, WA, for Petitioner.
Anita Isabelle Petra, Kristin Marie McRoberts, Benton County Prosecutors Office, Kennewick, WA, for Respondent.
PER CURIAM.
¶ 1 Maurice Brown seeks review of an unpublished Court of Appeals decision affirming his conviction for escape. State v. Brown, noted at 153 Wash.App. 1003, 2009 WL 3739446. Because the information failed to allege that Brown acted knowingly, we grant review and reverse.
¶ 2 Brown was being held in the Benton County jail when he requested a 72-hour furlough to allow him to attend drug treatment. The court granted the furlough, and Brown was released. Brown failed to return to jail within 72 hours, instead returning several months later. The State charged Brown with escape, alleging in the information that he escaped from custody "`contrary to the form of the Statute in such cases made and provided.'" Id. at *2 (quoting Clerk's Papers at 95).
¶ 3 Brown waived his right to a jury trial, and the trial court found him guilty. The court found that Brown had been present when the furlough was granted and therefore knew that he was required to return to jail within 72 hours. The court concluded that Brown knowingly failed to return to jail within that time.
¶ 4 On appeal Brown argued for the first time that the information was defective in failing to allege that he acted knowingly, an essential element of the crime of escape. State v. Descoteaux, 94 Wash.2d 31, 34, 614 P.2d 179 (1980), overruled on other grounds by State v. Danforth, 97 Wash.2d 255, 257, 643 P.2d 882 (1982). Although the Court of Appeals held that the information wholly failed to allege knowledge under any fair construction, it affirmed Brown's conviction because he failed to show he was prejudiced. Brown petitioned for this court's review. We grant review.
¶ 5 All of the essential elements of a crime must be alleged in the information. State v. Kjorsvik, 117 Wash.2d 93, 97, 812 P.2d 86 (1991); CrR 2.1(a)(1). Where, as here, the defendant challenges the sufficiency of an information for the first time on appeal, the court construes the document liberally in *214 favor of validity. Kjorsvik, 117 Wash.2d at 102, 812 P.2d 86. In this circumstance, the court asks (1) whether the essential elements appear in any form, or can be found by any fair construction, in the information and, if so, (2) whether the defendant nonetheless was actually prejudiced by the unartful language used. Id. at 105-06, 812 P.2d 86.
¶ 6 Here, applying the first prong of the test, the Court of Appeals held that the knowledge element did not appear in the information by any fair construction. This should have ended the inquiry. Under Kjorsvik, the court addresses whether the defendant was prejudiced only if the essential elements appear in the information, though unartfully, under some fair construction. Kjorsvik, 117 Wash.2d at 111, 812 P.2d 86. But the Court Appeals went on to hold that Brown was not prejudiced by the failure to allege the knowledge element. This is not the proper analysis. See State v. Marcum, 116 Wash.App. 526, 536, 66 P.3d 690 (2003) (prejudice need not be shown if charge cannot be saved by liberal construction). When an information wholly omits an element, the remedy is to reverse the conviction and dismiss the charge without prejudice to the State refiling the charge. State v. Guzman, 119 Wash.App. 176, 186, 79 P.3d 990 (2003).
¶ 7 We agree with the Court of Appeals that the State did not allege knowledge in the information by any fair construction. The State argued below that the phrase "`contrary to the form of the Statute ... and against the peace and dignity of the State of Washington'" sufficiently supplied the knowledge element. Brown, 2009 WL 3739446, at *1 (quoting Clerk's Papers at 95). But mere reference to a statute does not sufficiently allege the essential elements. State v. George, 146 Wash.App. 906, 917-18, 193 P.3d 693 (2008). Because the information did not adequately apprise Brown of the elements of the crime, the charge must be dismissed without prejudice.
¶ 8 The Court of Appeals is reversed, Brown's conviction is vacated, and the charge is dismissed without prejudice.