IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35288-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEJANDRO HERRERA-CASTRO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Alejandro Herrera-Castro appeals the 2017 amendment of the judgment and sentence entered in connection with his 2008 convictions for several crimes and associated firearm enhancements. The amendment was entered in response to a State motion to correct the facial invalidity in a judgment and sentence that ran four firearm enhancements concurrently. He contends that he was wrongly denied an opportunity to allocute and that the court erred in failing to conduct an individualized inquiry into his ability to pay the discretionary legal financial obligations (LFOs) carried forward into the amended judgment and sentence.

Mr. Herrera-Castro's *Blazina*[1] challenge was not raised in the hearing and his

---

[1] *State v. Blazina*, 182 Wn.2d 827, 833, 344 P.3d 680 (2015).

contention that he had a right to allocute is predicated on the assumption that the hearing on the CrR 7.8 motion was a resentencing, which it was not. Mr. Herrera-Castro's arguments do, however, point out a further facial invalidity: a statutorily unauthorized jury demand fee of $2,211.56. As long as we are reviewing and affirming correction of what had been a facially invalid judgment and sentence, we will direct the trial court to further correct the jury demand fee. We deny Mr. Herrero-Castro's appeal including challenges raised in a pro se statement of additional grounds, with the exception of remanding with directions to reduce the jury demand fee to a statutorily authorized amount.

FACTS AND PROCEDURAL BACKGROUND

In October 2007, Mr. Herrera-Castro was convicted of one count of second degree kidnapping, three counts of first degree kidnapping, four counts of second degree assault, and one count of harassment. Firearm enhancements were imposed for all but the harassment count. The sentencing data set forth in the judgment and sentence reflected correct standard ranges, enhancements, and "[t]otal standard range[s] (including enhancements)" for each crime. Clerk's Papers (CP) at 153-54 (capitalization omitted). The court sentenced Mr. Herrera-Castro to confinement for the low end of the total standard range (including enhancements) for each crime.

At the sentencing hearing, the trial court stated it was going to "impose consecutive sentences as mandated by law." Report of Proceedings (RP) (June 12, 2008)

at 22. Yet toward the end of the hearing the State asked that "the firearm enchantments in [counts] 5 through 8," the assault counts, "run concurrently to each other and to count 2," a first degree kidnapping count. *Id.* at 27. In completing the judgment and sentence the court made the handwritten notation, "[T]he firearm enhancements of counts 5-8 will run concurrently and concurrently with count #2." CP at 158. The court also overlooked a blank for identifying the "[a]ctual number of months of total confinement ordered." *Id.*

In October 2012, Mr. Herrera-Castro filed a CrR 7.8 motion that contended in part that because of the failure to complete the months of total confinement ordered, the total length of his sentence was unclear.[2] This court—to whom the motion was referred for treatment as a personal restraint petition (PRP)—dismissed the petition as untimely and frivolous, focusing on portions of the judgment and sentence that were facially valid, without any reference to the trial court's handwritten notations.

In 2016, the Department of Corrections contacted the State for assistance in construing Mr. Herrera-Castro's 2008 sentence. The State's review caused it to conclude that the judgment and sentence was facially invalid because the handwritten notation provided for firearm enhancements to run concurrently in violation of RCW 9.94A.533(e). The State thereafter filed its own CrR 7.8 motion, asking that the

---

[2] Mr. Herrera-Castro had timely appealed his 2008 convictions, which were affirmed. *State v. Herrera-Castro*, noted at 151 Wn. App. 1021 (2009) (unpublished).

judgment and sentence be amended to correct its facial invalidity. Its proposed correction was for "counts 2, 3, and 4 [the first degree kidnapping counts], plus all firearm enhancements [to] run[ ] consecutively to each other, and the remainder of the counts [to] run[ ] concurrent to each other and the other counts, for a total sentence of 164 months of base sentence and 360 months of firearm enhancements." CP at 38.

Mr. Herrera-Castro opposed the State's motion. Without citing any authority, his original written opposition requested "a full resentencing hearing." CP at 83. In a second response to the State's motion, he argued that the State was collaterally estopped based on this court's dismissal of his October 2012 PRP, because the dismissal order had found no facial invalidity in the judgment and sentence. CP at 84.

At the hearing on the State's motion, the trial court granted the requested relief. Mr. Herrera-Castro's lawyer did not renew the suggestion in his written opposition that his client was entitled to a full resentencing. He did make his collateral estoppel argument, but the trial court correctly concluded that the concurrent sentencing problem "was not before [the Court of Appeals]" in connection with Mr. Herrera-Castro's October 2012 PRP. RP (May 2, 2017) at 20.

Mr. Herrera-Castro's lawyer stated toward the end of the hearing that his client was "wanting to address the court. I told him no, he cannot address the court. But he wants a new attorney 'cause I'm not doing anything for him." RP (May 2, 2017) at 23.

The trial court did not allow Mr. Herrera-Castro to speak. It told him it had made

4

its ruling and had signed the amended judgment and sentence. When Mr. Herrera-Castro refused to sign the amended judgment and sentence, the trial court told him, "Mr. Herrera Castro, we're done here. Your next argument would be with the Court of Appeals." *Id.* at 24.

Mr. Herrera-Castro appeals.

## ANALYSIS

*Allocution*

Mr. Herrera-Castro's first assignment of error is to the court's asserted denial of his right to allocute at the 2017 hearing.

"Allocution is a statutory right, and we . . . review questions of statutory construction de novo." *State v. Hatchie*, 161 Wn.2d 390, 395, 166 P.3d 698 (2007). RCW 9.94A.500(1) provides that the right to allocute exists when the court "conduct[s] a sentencing hearing," during which the court "shall . . . allow arguments" from, among others, "the offender." The Washington Supreme Court has observed that "the text of [RCW 9.94A.500] is limited to sentencing hearings." *State v. Canfield*, 154 Wn.2d 698, 705, 116 P.3d 391 (2005). The State argues that the hearing on its CrR 7.8 motion was not a sentencing hearing.

"Sentencing hearing" is not a defined term under the Sentencing Reform Act of 1981, chapter 9.94A RCW. *See* RCW 9.94A.030. But RCW 9.94A.500(1) provides that a sentencing hearing is something done "[b]efore imposing a sentence upon a defendant,"

during which

> [t]he court shall consider the risk assessment report and presentence reports, if any, including any victim impact statement and criminal history, and allow arguments from the prosecutor, the defense counsel, the offender, the victim, the survivor of the victim, or a representative of the victim or survivor, and an investigative law enforcement officer as to the sentence to be imposed.

Thus described, a sentencing hearing is a particular type of hearing—it is not just any hearing having something to do with a sentence. Its essential characteristics are (1) the court's consideration of information that will inform its exercise of discretion (2) in imposing a sentence.

Such a meaning is supported by well-settled analogous case law addressing when a correction to a judgment and sentence requires the defendant's presence. As our Supreme Court explained in *State v. Ramos*,

> A defendant has a constitutional right to be present at sentencing, including resentencing. *State v. Rupe*, 108 Wn.2d 734, 743, 743 P.2d 210 (1987). However, when a hearing on remand involves only a ministerial correction and no exercise of discretion, the defendant has no constitutional right to be present. *See State v. Davenport*, 140 Wn. App. 925, 931-32, 167 P.3d 1221 (2007).

171 Wn.2d 46, 48, 246 P.3d 811 (2011). *Ramos* involved a remand to correct a judgment and sentence to state the specific term of community placement. The court explained that if the length of the term was dictated by statute, the hearing on remand would be purely ministerial. *Id.* at 49. But the trial court was also directed to specify terms of placement

6

that would be discretionary, not ministerial, so the defendant's presence would be constitutionally required.

Under the plain language of RCW 9.94A.500(1) and the case law dealing with a defendant's required presence, the hearing on the State's CrR 7.8 motion was not a sentencing hearing. The narrow subject matter of the State's motion was a request to correct the running of the firearm enhancements to conform to RCW 9.94A.533(e). The information required by RCW 9.94A.500(1) to be considered at a sentencing hearing was irrelevant and the court would merely be *correcting*, not *imposing*, a sentence. The right to allocute provided by RCW 9.94A.500(1) did not apply.

*Discretionary LFOs*

Mr. Herrera-Castro next argues that the trial court failed to engage in an individualized inquiry into Mr. Herrera-Castro's current and future ability to pay before imposing discretionary LFOs. He also points out that imposition of one of the discretionary LFOs—a $2,211.56 jury demand fee—exceeded the trial court's authority.[3]

The State chooses to object based on RAP 2.5(a), which provides that a defendant must object to a trial court's finding that he has the present and future ability to pay in

---

[3] At Mr. Herrera-Castro's 2008 sentencing, he was ordered to pay a $500 victim assessment and $2,481.56 identified as court costs (a $200 criminal filing fee, $70 sheriff service fee, and $2,211.56 jury demand fee). In amending the judgment and sentence in 2017, the trial court carried the LFOs forward without modification.

order to preserve a claim of error. RAP 2.5(a); *Blazina*, 182 Wn.2d at 833

("[u]npreserved LFO errors do not command review as a matter of right"). "[A]

defendant has the obligation to properly preserve a claim of error" and "appellate courts

normally decline to review issues raised for the first time on appeal." *Id.* at 830, 834.

We decline to exercise our discretion to entertain a cost issue that was not raised in

the trial court with one exception: we will review the challenge to the $2,211.56 jury

demand fee.

Chapter 10.01 RCW permits the trial court to impose costs on a convicted

defendant and provides that costs are "limited to expenses specially incurred by the state

in prosecuting the defendant" and "cannot include expenses inherent in providing a

constitutionally guaranteed jury trial." RCW 10.01.160(2). RCW 10.46.190 provides

that a person convicted of a crime shall be liable for the costs of the proceedings against

him, including "a jury fee as provided for in civil actions for which judgment shall be

rendered and collected." Finally, RCW 36.18.016(3)(b) provides that "[u]pon conviction

in criminal cases a jury demand charge of one hundred twenty-five dollars for a jury of

six, or two hundred fifty dollars for a jury of twelve may be imposed as costs."[4] The jury

---

[4] We cite the current versions of the statutes because the relevant language remains unchanged from the versions in effect at the time of Mr. Herrera-Castro's sentencing on June 23, 2008. *See* former RCW 10.01.160(2) (2008), LAWS OF 2008, ch. 318, § 2; former RCW 10.46.190 (2005), LAWS OF 2005, ch. 457, § 12; and former RCW 36.18.016(3)(b) (2007), LAWS OF 2007, ch. 496, § 204.

demand fee cannot exceed $125 for a 6-person jury or $250 for a 12-person jury. *State v. Hathaway*, 161 Wn. App. 634, 653, 251 P.3d 253 (2011); *see also State v. Earls*, 51 Wn. App. 192, 197-98, 752 P.2d 402 (1988) (only the statutory jury fee, not the compensation paid jurors, can be recouped), *abrogated on other grounds by State v. Hartz*, 65 Wn. App. 351, 355, 828 P.2d 618 (1992).

Mr. Herrera-Castro's case was tried to a jury. We remand to the trial court to amend the judgment and sentence by reducing the jury demand fee to an amount consistent with the statutory limitation.[5]

### STATEMENT OF ADDITIONAL GROUNDS

In a pro se statement of additional grounds, Mr. Herrera-Castro raises three. The second—a claim that his right to allocute was denied, is adequately addressed by counsel and will not be reviewed further. RAP 10.10(a).[6]

His first and third are similar. Citing *State v. Graham*, 181 Wn.2d 878, 337 P.3d 319 (2014), he contends that the trial court could have run his serious violent offenses concurrently had it imposed an exceptional sentence. Citing *State v. McFarland*, 189 Wn.2d 47, 399 P.3d 1106 (2017), he contends the trial court could have run his firearm

---

[5] Probably $250, but a criminal defendant in superior court can waive the presumptive 12-person jury. CrR 6.1(b).

[6] Mr. Herrera-Castro's complaint that his lawyer was ineffective for failing to challenge the denial of allocution fails because there was no right to allocute.

enhancements concurrently had it imposed an exceptional sentence.[7] He argues that his

lawyer provided ineffective assistance at the CrR 7.8 hearing by failing to request an

exceptional sentence.

Effective assistance of counsel is guaranteed by both the Sixth Amendment to the

United States Constitution and article I, section 22 of the Washington Constitution.

*Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674

(1984); *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). To demonstrate

ineffective assistance of counsel, a defendant must show two things: "(1) defense

counsel's representation was deficient, i.e., it fell below an objective standard of

reasonableness based on consideration of all the circumstances; and (2) defense counsel's

deficient representation prejudiced the defendant, i.e., there is a reasonable probability

that, except for counsel's unprofessional errors, the result of the proceeding would have

been different." *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)

(emphasis omitted).

As already explained, the hearing on the State's motion to correct the facially

invalid judgment was not a sentencing hearing. Given the narrow issue presented by the

---

[7] We note that *McFarland* dealt with the exceptional concurrent sentencing of firearm-related offenses, not firearm enhancements. 189 Wn.2d at 52-55. *Cf. State v. Brown*, 139 Wn.2d 20, 983 P.2d 608 (1999), *overruled on other grounds by State v. Houston-Sconiers*, 188 Wn.2d 1, 21, 391 P.3d 409 (2017); *but cf. State v. Houston-Sconiers*, 188 Wn.2d at 39 (Madsen, J., concurring in result only).

State's motion, Mr. Herrera-Castro's lawyer had no basis for responding with a request for relief from the 2008 sentence. Any legal basis that Mr. Herrera-Castro has for relief from the 2008 judgment and sentence must be raised by his own collateral attack in compliance with applicable statutes or court rules. *See* RAP 16.3(a) (personal restraint petition as an original action in the appellate courts); RCW 7.36.030 (habeas corpus as a form of relief in superior court); CrR 7.8 (relief from judgment or order). No deficient representation is shown.

We affirm the trial court but remand with directions to correct the judgment and sentence by reducing the jury demand fee to a statutorily authorized amount.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

11