IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81528-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| OVERTON, EDMOND CLAY, | ) | |
| DOB: 09/16/1993, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — Edmond Clay Overton appeals his conviction for first degree felony murder. He asserts the State's information fails to set forth the essential elements of felony murder because it does not list the elements of the predicate offense, first degree robbery. Because elements of a predicate offense are not essential elements of felony murder and need not be included in the information, we affirm.

FACTS

On October 17, 2017, Overton robbed his drug dealer at gunpoint. During the robbery, Overton shot and killed one of the drug dealer's roommates. The State charged Overton with first degree felony murder. The information lists the essential elements of felony murder, and identifies first degree robbery as the predicate offense. Specifically, it provides:

> That the defendant, on or about the 17th day of October, 2017, committed or attempted to commit the crime of First Degree Robbery, and in the course of or in furtherance of such crime or in

Citations and pin cites are based on the Westlaw online version of the cited material.

immediate flight therefrom the defendant did cause the death of another person, to-wit: Darren Dean Larson, not a participant in such crime, said death occurring on or about the 17th day of October, 2017; proscribed by RCW 9A.32.030(1)(c), a felony; and that at the time of the commission of the crime, the defendant or an accomplice was armed with a firearm, as provided and defined in RCW 9.94A.533(3), RCW 9.41.010, and RCW 9.94A.825.

A jury convicted Overton as charged. The judge imposed a standard-range sentence of 364 months.[1] Overton appeals, challenging the sufficiency of the information charging him with felony murder.

ANALYSIS

Overton argues that we must reverse his felony murder conviction because the information charging him failed to inform him adequately of the specific charge against him, denying him of his constitutional rights to notice and a fair trial. We review a challenge to the sufficiency of an information de novo. State v. Williams, 162 Wn.2d 177, 182, 170 P.3d 30 (2007).

A criminal defendant has a constitutional right to notice of the alleged crime the State intends to prove. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. The State provides notice through the information. State v. Kosewicz, 174 Wn.2d 683, 691, 278 P.3d 184 (2012). The State must include all essential elements of an alleged crime in the information to apprise the defendant sufficiently of the charges against him so that he may prepare a defense. Kosewicz, 174 Wn.2d at 691 (citing State v. Kjorsvik, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991)).

---

[1] The State also charged Overton with first degree assault of a different victim, and the jury found him guilty as charged. The trial court imposed a consecutive standard-range sentence for that count, bringing Overton's total confinement to 517 months. Overton does not appeal his first degree assault conviction.

When, as here, a defendant challenges the sufficiency of an information for the first time on appeal, we apply the liberal construction rule. State v. Brown, 169 Wn.2d 195, 197, 234 P.3d 212 (2010) (citing Kjorsvik, 117 Wn.2d at 102). Under that rule, we determine (1) whether the essential elements of the crime appear in any form or can be found by any fair construction in the information, and if so, (2) whether the defendant was actually prejudiced by language in the document. Brown, 169 Wn.2d at 197-98. In applying the liberal construction rule, we construe the charging document liberally in favor of validity. Brown, 169 Wn.2d at 197.

Overton contends the State's felony murder information is insufficient because it fails to list the elements of first degree robbery, the alleged predicate offense. Washington courts have long held that while a predicate offense is an element of a felony murder charge, an information need not include the elements of the predicate offense itself. Kosewicz, 174 Wn.2d at 691-92 (citing State v. Hartz, 65 Wn. App. 351, 354, 828 P.2d 618 (1992)); see also State v. Anderson, 10 Wn.2d 167, 180, 116 P.2d 346 (1941). This is because the defendant is not "actually charged" with the predicate crime. Kosewicz, 174 Wn.2d at 691-92. Instead, the predicate offense substitutes for the mens rea the State is otherwise required to prove. Kosewicz, 174 Wn.2d at 692 (citing State v. Craig, 82 Wn.2d 777, 781, 514 P.2d 151 (1973)).

Overton acknowledges that Washington law does not support his argument, but asserts that federal law compels a different result. Citing Kreck v.

Spalding, 721 F.2d 1229 (9th Cir. 1983),[2] he contends, "The Sixth and Fourteenth Amendments [to the United States Constitution] require that an information charging felony murder include the elements of the predicate felony."

In Kreck, the State charged the defendant with second degree felony murder based on the predicate offense of second degree assault. Kreck, 721 F.2d at 1231. But the State did not specify in the information which of the seven subsections of second degree assault Kreck violated. While the State argued the information "necessarily limited the violation" to subsection two of the second degree assault statute, even that subsection turned on the commission of "any crime" assisted by the second degree assault, creating a predicate crime to the predicate crime that the information did not identify. Kreck, 721 F.2d 1231-32. The Ninth Circuit concluded that the information was insufficient because "it failed to serve the function that the law intended it to, namely, providing Kreck with adequate notice of the charges against him so as to enable him to prepare his defense." Kreck, 721 F.2d at 1232.

But in Hartz, we rejected an argument identical to Overton's as unpersuasive. In that case, the State charged the defendant with felony murder based on the predicate offense of first degree robbery. Hartz, 65 Wn. App. at 352. As here, the State identified the predicate offense in the information, but did not list its elements. Citing Kreck, the defendant argued the information was constitutionally insufficient because it failed to allege "the essential statutory and

---

[2] Overton also cites three United States Supreme Court cases for the proposition that federal law requires an information to list the elements of predicate crimes. See United States v. Carll, 105 U.S. 611, 613, 26 L. Ed. 1135 (1881); Ball v. United States, 140 U.S. 118, 136, 11 S. Ct. 761, 35 L. Ed. 377 (1891); Cole v. Arkansas, 333 U.S. 196, 201-02, 68 S. Ct. 514, 92 L. Ed. 644 (1948). These cases are not persuasive as none involves charges with a predicate crime.

common law elements of robbery" and "the specific means of committing robbery[,] which the State was asserting applied" to him. Hartz, 65 Wn. App. at 353. We concluded that neither article I, section 22 of the Washington Constitution nor the Sixth Amendment nor principles of federal due process compel the State to list the elements of a predicate crime in a felony murder information. Hartz, 65 Wn. App. at 353-55. Our Supreme Court reached the same conclusion. See Kosewicz, 174 Wn.2d at 692 (underlying elements of a predicate felony are not essential elements of felony murder, and neither State nor federal constitutions compel their inclusion in the information) (citing Hartz, 65 Wn. App. at 354).

As in Hartz and Kosewicz, we conclude that Overton's information adequately informed him of the essential elements of felony murder.[3] We affirm his conviction.

_Brennan, J._

WE CONCUR:

_Andrus, A.C.J._          _Appelwick, J._

---

[3] Because Overton does not allege actual prejudice from the language of the information, we do not reach the second prong of the liberal construction rule. See Brown, 169 Wn.2d at 197-98.