IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85020-2-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CAPEROON, KYLE SPENCER, | |
| Appellant. | |

BOWMAN, J. — Kyle Spencer Caperoon appeals his jury conviction for first degree felony murder. He asserts the State's information fails to set forth the essential elements of felony murder because it does not list the elements of the predicate offense, first degree robbery. And he asks us to remand for the trial court to strike the victim penalty assessment (VPA) imposed at sentencing. We affirm Caperoon's conviction but remand for the court to strike the VPA from his judgment and sentence.

FACTS

On August 31, 2020, Caperoon and two associates robbed his drug dealer, J.S., at gunpoint. During the robbery, Caperoon shot and killed J.S. The State charged Caperoon with one count of first degree felony murder with first degree robbery as the predicate offense and a firearm enhancement.[1] The

---

[1] The State also charged Caperoon with one count of unlawful possession of a firearm in the second degree. Caperoon does not challenge that conviction.

information alleges that Caperoon,

> on or about the 31st day of August, 2020, committed or attempted to commit the crime of Robbery in the First Degree, and in the course of or in furtherance of such crime or in immediate flight therefrom the defendant (or another participant) did cause the death of another person, to-wit: [J.S.], not a participant in such crime, said death occurring on or about the 31st day of August, 2020; proscribed by RCW 9A.32.030(1)(c), a felony; and that at the time of the commission of the crime, the defendant or an accomplice was armed with a firearm, as provided and defined in RCW 9.94A.533(3), RCW 9.41.010, and RCW 9.94A.825.

A jury convicted Caperoon as charged. At sentencing, the court imposed a low-end, standard-range, consecutive sentence of 372 months of confinement, which included the 60-month firearm enhancement. The court declared Caperoon indigent, waived all nonmandatory fees, and imposed a $500 VPA.

Caperoon appeals.

ANALYSIS

Caperoon argues that we must reverse his felony murder conviction because the information charging him fails to list the elements of the predicate felony. He also asserts new legislation requires remand to strike the VPA.

We review a challenge to the sufficiency of an information de novo. *State v. Williams*, 162 Wn.2d 177, 182, 170 P.3d 30 (2007), *abrogated on other grounds by State v. Bergstrom*, 199 Wn.2d 23, 502 P.3d 837 (2022). A criminal defendant has a constitutional right to notice of the alleged crime the State intends to prove. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. The State provides notice of the alleged crime through the information. *State v. Kosewicz*, 174 Wn.2d 683, 691, 278 P.3d 184 (2012). The State must include all essential

elements of an alleged crime in the information to sufficiently apprise the defendant of the charges against him so that he may prepare a defense. *Id.* (citing *State v. Kjorsvik*, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991)).

When, as here, a defendant challenges the sufficiency of an information for the first time on appeal, we apply the liberal construction rule. *State v. Brown*, 169 Wn.2d 195, 197, 234 P.3d 212 (2010) (citing *Kjorsvik*, 117 Wn.2d at 102). Under that rule, we determine (1) whether the essential elements of the crime "appear in any form, or can be found by any fair construction, in the information" and, if so, (2) whether the defendant "was actually prejudiced" by the language in the document. *Id.* at 197-98. In applying the liberal construction rule, we construe the charging document liberally in favor of validity. *Id.* at 197.

Caperoon contends the State's felony murder information is insufficient because it fails to list the elements of first degree robbery, the alleged predicate offense. Washington courts have long held that while a predicate offense is an element of a felony murder charge, an information need not include the elements of the predicate offense itself. *Kosewicz*, 174 Wn.2d at 691-92 (citing *State v. Hartz*, 65 Wn. App. 351, 354, 828 P.2d 618 (1992)); *see also State v. Anderson*, 10 Wn.2d 167, 180, 116 P.2d 346 (1941). This is because the defendant is not "actually charged" with the predicate crime. *Kosewicz*, 174 Wn.2d at 691-92. Instead, the predicate offense substitutes for the mental state the State is otherwise required to prove. *Id.* at 692 (citing *State v. Craig*, 82 Wn.2d 777, 781, 514 P.2d 151 (1973)).

Caperoon acknowledges that Washington law does not require the State to list the elements of the predicate felony in an information charging a defendant with felony murder. Still, he argues for "a change in the law" and makes several arguments to preserve the issue for review by the Washington Supreme Court. In response, the State argues in favor of the existing law to preserve its issues for Supreme Court review. As we are bound to follow the decisions of our Supreme Court, we do not address the arguments. *State v. Gore*, 101 Wn.2d 481, 486-87, 681 P.2d 227 (1984). And because Washington law does not require the State to list the elements of the predicate felony in an information charging felony murder, we reject Caperoon's challenge to the sufficiency of the information.

Caperoon also asks us to remand for the trial court to strike the $500 VPA imposed at sentencing. When the court sentenced Caperoon in February 2023, the $500 VPA was mandatory under former RCW 7.68.035(1)(a) (2018). But during Caperoon's pending appeal, the legislature amended the VPA statute, eliminating the VPA for indigent defendants. LAWS OF 2023, ch. 449, § 1 (adding language to RCW 7.68.035(4) that the court "shall not impose the [VPA] under this section if the court finds that the defendant, at the time of sentencing, is indigent"). That statute applies prospectively to cases pending appeal at the time of the amendments. *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023); *see State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018). And the parties do not dispute that Caperoon is indigent.

4

We affirm Caperoon's conviction but remand for the trial court to strike the $500 VPA from his judgment and sentence.

Brennan, J

WE CONCUR:

Feldman, J.

Birk, J.